# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT GREENEVILLE

| | |
|---|---|
| MARIA WESOLY and A.P., by and through her mother and next friend, CHRISTINE GANDT,<br><br>Plaintiffs,<br><br>v.<br><br>HUGH THOMAS COBBLE, INTERNATIONAL EXPERIENCE, and GREENE COUNTY, TENNESSEE,<br><br>Defendants. | No. _____ |

## COMPLAINT

Plaintiffs Maria Wesoly and A.P., by and through her mother and next friend Christine Gandt (collectively, "Plaintiffs"), bring this Complaint for damages against Defendants Hugh Thomas Cobble, International Experience, and Greene County, Tennessee, and allege as follows:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case arises under federal law, specifically Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq*.

2. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, as those claims arise out of the same facts and circumstances as the federal claims.

3. Venue is proper in the Eastern District of Tennessee under 28 U.S.C. § 1391(b)(1) and (2), because all Defendants reside in this district and all events or omissions giving rise to the claims occurred in this district.

1

## PARTIES

4. Plaintiff Maria Wesoly is a citizen and resident of Poland who was a minor exchange student in Greene County, Tennessee, during the 2023-2024 academic year.

5. Plaintiff A.P. is a resident of Greene County, Tennessee, and a minor who was enrolled as a student at Chuckey Doak High School during the relevant time period. She brings this action through her mother and next friend, Christine Gandt.

6. Defendant Hugh Thomas Cobble ("Cobble") is an adult resident of Greene County, Tennessee. At all relevant times, Cobble was a member of the Greene County School Board and a local coordinator for Defendant International Experience. He may be served with process at 106 Patterson Street, Afton, Tennessee 37616.

7. Defendant International Experience USA ("IE") is a Minnesota-based foreign exchange student placement agency doing business in Tennessee, including Greene County. IE may be served with process via its registered agent, C T Corporation System Inc., at 1010 Dale Street N, St. Paul, Minnesota 55117.

8. Defendant Greene County, Tennessee ("Greene County") is a municipal corporation formed and existing under the laws of the State of Tennessee, and it operates the Greene County Board of Education and school district, including Chuckey Doak High School. Greene County may be served with process via its executive, Mayor Kevin Morrison, at 204 N. Cutler Street, Suite 206, Greeneville, Tennessee 37745.

## FACTUAL ALLEGATIONS

*Hugh Thomas Cobble's Pattern of Abuse*

9. Cobble served as a local coordinator for IE and as a school board member with access to Greene County schools, including Chuckey Doak High School.

10. Despite never being employed at the school, Cobble had unfettered and unsupervised access to students, regularly entered the school without checking in, and even possessed a key to the building.

11. Cobble used his access and authority to sexually harass and assault female students, including Plaintiffs Maria Wesoly and A.P.

12. Cobble frequently made inappropriate comments about students' bodies, told A.P. he could not wait until she was older, and groped her thighs, buttocks, and breasts.

13. On multiple occasions, he inappropriately touched A.P. while she was in her majorette uniform and initiated unwanted physical contact, including groping her genitals over clothing in his vehicle.

14. Maria Wesoly was subjected to similar abuse, including lewd comments, coercive conduct, and forcible touching of her breasts and genitals.

15. Cobble pressured Maria Wesoly to send sexual photos and told her he wanted to rape her. He repeatedly used emotional manipulation, including threats of suicide, to silence his victims.

*Failure of International Experience to Supervise Cobble*

16. IE had knowledge of prior complaints and incidents involving Cobble, including those made by other host families and employees.

17. Despite these warnings, IE continued to employ Cobble, failed to enforce placement and visitation protocols, and allowed him to bypass oversight mechanisms.

18. Cobble falsified visit reports and failed to bring a second adult to home visits and student transports, in violation of IE policy and applicable regulations.

19. Other IE coordinators and families raised concerns about Cobble's conduct, including inappropriate placements with coaches and unprofessional conduct with female students, yet IE took no corrective action.

20. IE's negligence enabled Cobble's continued access to female students, including Plaintiffs, where he engaged in escalating patterns of abuse.

*Deliberate Indifference by Greene County Schools*

21. Greene County School officials, including teachers, principals, and school resource officers, received multiple reports and disclosures regarding Cobble's behavior.

22. It was generally known, *i.e.* an "open secret," among students and school officials that Cobble engaged in the type of activity described herein, and that his behavior was often dismissed as "that's just Tom being Tom."

23. Despite these reports, school officials—particularly the school's principal, Steven Broyles, and assistant principal, Christy Hoeke—minimized concerns, failed to notify the Title IX Coordinator as required under Board Policy 6.3041, and permitted Cobble to continue interacting with students.

24. School officials interrogated Maria Wesoly alone, without a guardian, and failed to provide supportive measures to either student.

25. A.P. and Maria Wesoly were disbelieved, retaliated against, and emotionally harmed by the school's failure to act.

26. Policy 6.3041 requires prompt response, notification, investigation, and implementation of supportive measures in all instances of sexual harassment. Greene County failed to comply with every one of these duties.

4

27. As a result of Greene County's deliberate indifference, Plaintiffs were subjected to continued harassment and abuse.

*Investigation and Prosecution of Cobble*

28. On or around February 26, 2024, the Greene County Sheriff's Office and Tennessee Bureau of Investigation ("TBI") began to investigate the allegations against Cobble.

29. The TBI investigation records showed that Cobble had committed sexual battery against juvenile students, including Maria Wesoly and A.P., and documented a lengthy history of harassment and abuse while Cobble served in his capacity as a school board member and an exchange student coordinator.

30. On or around May 1, 2024, Cobble pleaded guilty to one count of "Official Misconduct," a Class E felony, in violation of Tenn. Code Ann. § 39-16-402(a)(2) and (b), and admitted that he knowingly and while under color of office or employment "did use his position to obtain the favor of foreign exchange students and their housemates and then did make offensive remarks and engage in offensive conduct toward said students and their housemates."

## CLAIMS FOR RELIEF

### Count I: Battery (Against Defendant Hugh Thomas Cobble)

27. Plaintiffs incorporate all preceding paragraphs and allegations as if set forth fully herein.

28. Cobble intentionally and/or recklessly and without consent committed acts that resulted in harmful and offensive contact with the Plaintiffs by touching them in a sexual and inappropriate manner.

5

29. The harmful and offensive contact caused by Cobble was of a serious and offensive nature, especially considering that the Plaintiffs were minor children at all pertinent times and Cobble abused his position in furtherance of the offensive contact.

30. As a direct and proximate result of Cobble's actions, Plaintiffs incurred injuries and damages including but not limited to emotional distress and mental anguish.

31. Cobble is liable for the battery committed against Plaintiffs and the injuries and damages resulting therefrom.

**Count II: Negligence and Gross Negligence (Against Defendant International Experience)**

32. Plaintiffs incorporate all preceding paragraphs and allegations as if set forth fully herein.

33. IE owed a duty to exercise ordinary and reasonable care with respect to its student participants and to the families hosting student participants, including Plaintiffs, to ensure their safety and protection from foreseeable harm.

34. IE breached its duty of care to Plaintiffs by negligently or recklessly failing to properly screen, supervise, and monitor Cobble; by ignoring complaints and red flags about his conduct; and by enabling his continued access to minor girls.

35. IE had the means and ability to control or restrict the actions of Cobble as an employee and/or agent of IE, yet failed to do so.

36. The actions or inactions of IE and/or its agents, employees, and/or representatives directly and proximately caused harm to the Plaintiffs.

37. IE's conduct amounts to gross negligence given the repeated warnings and foreseeable risk of harm.

38. As a direct and proximate result of IE's negligent and reckless conduct, Plaintiffs have incurred injuries and damages.

39. IE is liable to Plaintiffs for the injuries and damages sustained due to Cobble's conduct.

**Count III: Violation of Title IX (Against Defendant Greene County)**

36. Plaintiffs incorporate all preceding paragraphs and allegations as if set forth fully herein.

37. Title IX prohibits discrimination on the basis of sex in any education program receiving federal funding.

38. Greene County received federal funds and operated the schools attended by Plaintiffs.

39. Greene County had actual knowledge of sexual harassment and abuse by Cobble.

40. Alternatively, because it had been an "open secret" and common knowledge at the high school that Cobble engaged in the type of conduct described herein, Greene County had constructive knowledge of sexual harassment and abuse by Cobble.

41. Despite this knowledge, Greene County exhibited deliberate indifference by failing to report, investigate, or respond appropriately to the allegations.

42. Greene County failed to comply with its own Title IX policy and failed to involve the Title IX Coordinator at any stage.

43. As a direct and proximate result, Plaintiffs were subjected to continued harassment, psychological trauma, and loss of educational opportunities.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

7

1. Enter judgment in favor of Plaintiffs and against Defendants, jointly and severally;

2. Award compensatory damages in an amount to be determined at trial;

3. Award punitive damages against Defendant Cobble and Defendant IE;

4. Award attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable law;

5. Grant such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Gregory Brown*
Gregory Brown (BPR # 027944)
Hugh B. Ward, Jr. (BPR #015071)
LOWE YEAGER & BROWN PLLC
920 Volunteer Landing, Suite 200
Knoxville, TN 37915
Phone: (865) 521-6257
Fax: (865) 637-0540
gb@lyb.law
hbw@lyb.law
*Counsel for Plaintiffs*